# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | |
|---|---|
| AMY K. HENSLER, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CASE NO. 2:21-cv-100 |
| KELLER LOGISTICS INC., | ) ) ) |
| Defendant | ) |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Comes now Plaintiff Amy K. Hensler ("Hensler"), by counsel, and for her claims against Defendant Keller Logistics Inc. ("Keller"), alleges and says:

### I. FACTUAL ALLEGATIONS

1. Hensler is a resident of the State of Indiana, and is domiciled in Brazil, Clay County, Indiana.

2. Keller is a towing service headquartered at 2929 South Third Place, Terre Haute, Indiana 47802.  Keller lists its principal office at the address of its President, William Keller, at 158 Timber Lane, Brownsburg, Indiana 46112.

3. Hensler is a current employee of Keller.  She works as a dispatcher.

4. Hensler performs her dispatch duties for Keller from a home office set up for that purpose.  Keller hired Hensler to work for it as a dispatcher in August 2019 and she worked in that role from that time forward.

5. At hiring, Keller paid Hensler on a shift by shift basis.  From August 2019 until August 2020, Keller paid Hensler Eighty Dollars ($80.00) per fifteen (15) hour shift.  Hensler

worked three or more such 15 hour night shifts each week. Typically, during this first year of employment, Hensler was scheduled to work as a night dispatcher, with hours from 5:00 p.m. to 8:00 a.m. During this first year of employment, Hensler worked 45 or more hours each week. She worked 5 or more overtime hours each week, but she was not paid any overtime premium for her work. Moreover, at only $80.00 for a 15 hour shift, Keller paid Hensler at a rate far below the FLSA minimum wage of $7.25 per hour. Essentially, Keller paid Hensler at a rate of only $5.33 per hour from August 2019 to August 2020. During this period of time, Keller violated Hensler's right to a FLSA minimum wage in every single work week, and her right to FLSA overtime compensation in virtually, if not every, work week.

6. Some time in August 2020, Keller increased Hensler's pay to $90.00 per shift, but Hensler was still required to work 15 hour shifts. This rate of pay also fell far below the FLSA's minimum wage of $7.25 per hour, as Keller was paying Hensler no more than $6.00 per hour worked. During this time, Keller was still scheduling Hensler to work 45 or more hours each week. Keller continued to fail and refuse to pay overtime premium pay to Hensler, even though Hensler continued to work 5 or more overtime hours each week. During this period of time, from her pay increase in August 2020 until Hensler's schedule change in November 2020, Keller violated Hensler's right to a FLSA minimum wage in every single work week, and her right to FLSA overtime compensation in virtually, if not every, work week.

7. Only recently, some time in November 2020, Keller reduced the hours of Hensler's night shift from 15 to 12. Generally, Hensler works 12 hour shifts from 7:00 p.m. to 7:00 a.m. She is still paid $90.00 per shiftworks three or more shifts per week. From December 2020 forward, however, Keller continues to fail and refuse to pay any overtime and it has

committed overtime violations after November 2020. To provide a specific example, during the two week pay period from January 22, 2021 to February 4, 2021, Hensler worked overtime hours in each work week. During the January 22 - 28, 2021 week, Hensler worked four 12 hour shifts for 48 hours, with 8 hours of overtime worked and reported. Keller only paid Hensler $360.00 gross for that work. Giving Keller the benefit of the doubt, using $7.50 per hour as the regular rate, Hensler was owed at least $390.00 (40 hours @ $7.50/hour + 8 overtime hours @ $11.25/hour). Keller was underpaid by $30.00 for the week. With the FLSA's presumptive liquidated damages, Keller is owed $60.00 ($30.00 x 2) for the week. By paying only $360.00 gross for 48 hours of work, Keller also committed a FLSA minimum wage violation in this work week. At bare minimum wage - $7.25 per hour - Keller would have owed at least $377.00 for the week (40 @ $7.25/hour + 8 @ $10.875/hour). In the second work week, January 29 - February 4, 2021, the violations were worse. Hensler worked five 12 hour shifts for 60 hours, with 20 hours of overtime worked and reported. Keller only paid Hensler $450.00 gross for that work. Again giving Keller the benefit of the doubt, using $7.50 per hour as the regular rate, Hensler was owed at least $525.00 (40 hours @ $7.50/hour + 20 overtime hours @ $11.25/hour). Keller was underpaid by $75.00 for the week. With the FLSA's presumptive liquidated damages, Keller is owed $150.00 ($75.00 x 2) for the week. By paying only $450.00 gross for 60 hours of work, Keller also committed a FLSA minimum wage violation in this work week. At bare minimum wage - $7.25 per hour - Keller would have owed at least $507.50 for the week (40 @ $7.25/hour + 20 @ $10.875/hour).

8. Hensler accurately reported her shifts and her hours of work to her Keller office manager every two weeks prior to pay day.

9. Over the course of Hensler's employment as a dispatcher, Keller has consistently failed to pay Hensler a minimum wage and has wholly failed to pay Hensler overtime wages at the required overtime rate of pay. Keller will owe significant unpaid minimum wages, overtime wages and liquidated damages under the FLSA. Hensler is and was a non-exempt employee of Keller and is protected by the FLSA's minimum wage and overtime provisions.

10. As part of her dispatcher duties, Hensler was regularly engaged as an individual in interstate commerce. Hensler had regular occasion to take calls and to dispatch tow truck drivers to assist customers in the State of Illinois (e.g., towing jobs on I-70 in Illinois).

11. Keller has willfully, intentionally, knowingly and in bad faith violated Hensler's rights under the Fair Labor Standards Act. By way of this Complaint, Hensler is seeking all available damages, including, but not limited to, all unpaid minimum wages, all unpaid overtime compensation, all liquidated and/or statutory damages, plus payment of her reasonable attorney's fees, costs and expenses.

## II.  JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331 and 29 USC § 201 et seq, as Hensler raises federal questions of law.

13. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## III.  STATEMENT OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT

14. Hensler incorporates herein by reference paragraphs 1 through 13 above.

15. Defendant Keller is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Defendant Keller is an

"employer," as that term is defined by the FLSA. Finally, Defendant Keller is a "person" as that term is defined by the FLSA.

16. Additionally, Hensler is an "individual" protected by the FLSA, as Hensler herself was engaged in interstate commerce while working for Keller. This includes the significant work Hensler was performing taking calls and dispatching tow trucks to customers in the State of Illinois.

17. Keller has violated Hensler's right to be properly paid minimum wages and overtime wages in a manner required by the FLSA. Specifically, Hensler is a non-exempt employees and Keller was required to pay Hensler a minimum wage for each hour she worked and pay Hensler at an overtime premium rate for any and all hours she worked each week in excess of forty (40).

18. Keller's failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification.

19. Hensler seeks all available damages, including unpaid minimum wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which she may be entitled for Keller's violations of the Fair Labor Standards Act.

### IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amy K. Hensler respectfully requests that the Court enter judgment against Defendant Keller Logistics Inc., holding the Defendant liable to her for violations of the FLSA, and issue to her all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid minimum wages, all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. Costs;

3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By/s/Robert P. Kondras, Jr.
    Robert P. Kondras, Jr.
    Attorney No. 18038-84
    100 Cherry Street
    Terre Haute, IN 47807
    (812) 232-9691
    Facsimile: (812) 234-2881
    kondras@hkmlawfirm.com